IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BROOKE ARMBRISTER, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:18-CV-1207-G-BK |
| § | |
| CARLOS MUNIZ, ET AL., § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for pretrial management. Defendants now move to dismiss Plaintiffs' complaint. Doc. 12; Doc. 21. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motions should be **GRANTED**.

**A.    Background**

In April 2018, Plaintiff, a *pro se* litigant, filed suit in state court against (1) United States Department of Education ("DOE") "Loan Servicing"; (2) Carlos Muniz, General Counsel of DOE; (3) Steve Menashi, former General Counsel of DOE[1]; and (4) Diana Wininger a "customer advocate" with Navient, Inc., the entity that services Plaintiff's loans. Doc. 3 at 1; Doc. 3 at 17-21; Doc. 12 at 2. In a rambling, nonsensical fashion, Plaintiff describes her unsuccessful attempts to pay off her student loans with a "Medallion Guaranteed Stamped Promissory Note" and her instructions for the Internal Revenue Service to debit a private trust account to that end.

---

[1] Because Menashi is no longer employed with the DOE as General Counsel, Muniz is automatically substituted as a defendant in his place pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Accordingly, the undersigned will only address arguments involving DOE and Muniz.

Doc. 3 at 17. She cites to 18 U.S.C. § 1951, a provision of the United States criminal code governing racketeering activities, as well as 15 U.S.C. § 1681(a) and (b), which are provisions of the Fair Credit Reporting Act setting forth "Congressional findings and statement of purpose" for the Act. Doc. 3 at 18-19, 21.

Defendants removed the case to this Court, Doc. 3. Muniz and the DOE now move to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Doc. 12. Defendant Diana Wininger moves to dismiss pursuant to Rules 12(b)(2), (5), and (6).[2] Doc. 21.

**B.    Applicable Law**

*1.  DOE and Muniz*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[2] The Court recently dismissed with prejudice two other similar *pro se* actions filed by Plaintiff, finding that the complaints lacked a logical set of facts. *See Armbrister v. United States Dep't of the Treasury*, No. 3:18-CV-719-N-BK (N.D. Tex. July 30, 2018); *Armbrister v. Velasquez*, No. 3:18-CV-841-G-BN (N.D. Tex. Apr. 18, 2018).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

The United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented to the suit. *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). The plaintiff bears the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The government's consent to suit "is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (citation omitted). Congress's waiver of immunity "must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). A suit against a government official in his official capacity, such as Muniz, is likewise considered to be a suit against the government itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiff points to no statutory or other provision suggesting that the United States has waived its immunity from this suit. Accordingly, Plaintiff has not borne her requisite burden. *Freeman*, 556 F.3d at 334.

Further, Plaintiff's apparent attempt to raise a claim under 18 U.S.C. section 1951 fails because that is a criminal statute which provides no private right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

Plaintiff's claim under the FCRA also fails. Plaintiff asserts in that claim that her credit file should be updated immediately to reflect that she paid her student loans off with a "Medallion Guaranteed Stamped Promissory Note." Doc. 3 at 17-18. A court may dismiss a claim as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33. Although *pro se* litigants are entitled to liberal construction of their pleadings, even under the most liberal construction, Plaintiff's factual contentions in connection with her FCRA claim are legally and factually frivolous and she has not presented a logical set of facts to support any claim for relief.

Accordingly, Plaintiff's claims against Muniz and the DOE should be dismissed.

*2. Defendant Wininger*

Wininger argues that the Court should dismiss the claims against her for lack of personal jurisdiction and, alternatively, for failure to state a plausible claim for relief. Doc. 21 at 1. Wininger also asserts that Plaintiff failed to serve her properly and instead attempted service by certified mail to a P.O. Box associated with Wininger's employer in Pennsylvania. Doc. 21 at 1. In addition, Wininger contends that (1) Plaintiff's complaint does not identify sufficient contacts that Wininger had with Texas and (2) the statutes to which Plaintiff cites do not provide for private causes of actions. Doc. 21 at 1-2.

Federal Rules of Civil Procedure 12(b)(2), (5), and (6) allow dismissal of a complaint for, respectively, (1) lack of personal jurisdiction; (2) insufficient service of process; and (3) failure to state a claim on which relief can be granted. Wininger is entitle to dismissal on each basis

4

argued, but the Court need only address the first and third grounds because they are dispositive. First, Plaintiff's complaint is devoid of any explanation for the basis of exercising personal jurisdiction over Wininger. *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (holding that to satisfy the requirements of due process, a plaintiff must demonstrate: "(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice." Second, for the reasons noted above, Plaintiff may not bring a private cause of action under section 1951, and her FCRA claim is plainly frivolous. Plaintiff thus has failed to state a claim against Wininger, and the claims against her should be dismissed.

C.   **Leave to Amend**

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Plaintiff's claims are fatally infirm and essentially duplicative of those dismissed in other actions before this Court. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.

D.   **Conclusion**

For the foregoing reasons, *the Motion to Dismiss of Defendants U.S. Department of Education and Carlos Muniz*, Doc. 12, and Diana Wininger's *Motion to Dismiss Plaintiff's*

*Complaint Under Rules 12(b)(2), (5), & (6)*, Doc. 21, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F&#xea;D. R. C&#x2071;V. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).